UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-60317-CR-MORENO

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KEETRON BATTEN,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S COMPETENCY

      This matter is before the Court for a determination of Defendant's competency to stand trial. The matter was referred to the undersigned Magistrate Judge by the Honorable Federico A. Moreno, United States District Court Judge, to submit a Report and Recommendation on all pending motions and Defendant's competency issue (ECF No. 27).

      No motion for competency hearing has been filed, but pursuant to 18 U.S.C. § 4241(a), the Court ordered a hearing *sua sponte* upon a finding of reasonable cause from the record to believe that Defendant may not be mentally competent. The Court conducted an evidentiary hearing on July 20, 2018. Upon consideration of the testimony and argument presented, and upon review of the entire record, the undersigned recommends a finding that Defendant suffers from no present mental disease or defect preventing his assistance of his defense or ability to comprehend the proceedings, and accordingly is competent to stand trial.

## I.    BACKGROUND

      On December 12, 2017, Defendant Keetron Batten was arrested by Broward Sheriff Office detectives on an outstanding warrant. According to the Complaint affidavit, law enforcement watched Batten exit his house, using the assistance of a wheelchair, and approach a

vehicle out front of his house. When Batten spotted the deputies, he threw several baggies into the vehicle. Those baggies were recovered and tested positive for the presence of cocaine base. Detectives also recovered a firearm from Batten's waistband. Batten was subsequently indicted for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g) and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).

On January 31, 2018, Defendant's court-appointed counsel moved for a competency evaluation (ECF No. 13). Counsel substantiated his concerns about Defendant's competency with his own personal observations of Defendant. The Court granted the Motion for Mental Evaluation pursuant to 18 U.S.C. § 4241(a) and directed the Bureau of Prisons to evaluate Defendant's competency to stand trial (ECF No. 28, 30).

A psychiatric and psychological examination was conducted by Dr. Jorge Luis, Psy.D., the chief forensic psychologist at FDC Miami (ECF No. 34). 18 U.S.C. § 4241(b). Dr. Luis conducted a clinical interview, mental status examination, and a series of cognitive function tests between February 14 and March 19, 2018. The evaluation findings, which are filed under seal, identified no deficit in mental functioning or memory. Ultimately, Dr. Luis opined that Defendant has a sufficient factual understanding of legal proceedings and that he can assist his counsel in his defense.

After Dr. Luis completed his evaluation, Defendant was transferred into state custody on pending charges. His counsel in that matter similarly sought a competency evaluation, which was ordered. Three independent evaluators examined Defendant, resulting in conflicting opinions with respect to Defendant's competency: the first opined that Defendant was not competent; the other two opined that he was competent, and found no indication of mental deficit that would

prevent his understanding of proceedings or ability to assist in his defense (ECF No. 23 (SEALED)).

Following Dr. Luis's examination, Defendant obtained an order for the production of hospital records relating to a motorcycle accident that occurred in October 2017, in which Defendant suffered multiple fractures and injuries (both legs, hip, rotator cuff, head, and spinal cord). Defendant was hospitalized for approximately two months following the accident and underwent multiple surgeries. As a result of the accident, Defendant requires a wheelchair for ambulation. He has also suffered from seizures and experienced memory loss from the accident. Defense counsel produced these hospital records to Dr. Luis, albeit after his evaluation of Defendant but prior to his testimony at the competency hearing.

At the hearing, Dr. Luis testified that his opinion was not changed by either the evaluations performed in conjunction with the state proceedings or the hospital records memorializing the extent of Defendant's injuries from the accident in 2017. Dr. Luis testified, consistent with his report, that it was his opinion that Defendant presently suffers from no mental defect or disease that would prevent him from understanding the proceedings or aiding in his preparation of his defense.

## II.  ANALYSIS

The Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4248, is now controlling with respect to most situations involving the mental competency of a defendant. For a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] ha[ve] a rational as well as factual understanding of the proceedings against him." *United States v. Evans*, 332 F. App'x 561, 563 (11th Cir. 2009) (quoting *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005)). A

defendant's competency is determined by a preponderance of the evidence. *Id.* The evidence brought forth at the hearing will guide the court in determining whether the defendant is competent to stand trial. A person is incompetent to stand trial if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). However, if the evidence shows that the person is competent, then the trial will continue as normal.

Section 4241(a) provides that after the commencement of a prosecution and prior to sentencing, either the U.S. attorney or defense counsel may move for a hearing to determine the defendant's mental competency. Here, Defendant's counsel noticed unusual behavior by Defendant during an interview and moved for a competency evaluation.

That report was filed under seal by the government on July 20, 2018 (ECF No. 34). The report includes Defendant's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinion as to the diagnosis and prognosis. Accordingly, Dr. Luis's report satisfies the requirements set forth at 18 U.S.C. § 4247(c)(1) through (c)(4).

Because the record demonstrated sufficient basis to reasonably question Defendant's competency, including the opinion of at least one evaluator in conjunction with the state proceedings, a competency hearing was conducted on July 20, 2018 pursuant to 18 U.S.C. § 4247(d).

Defendant was present at the hearing and represented by counsel. The only witness presented at the hearing was Dr. Luis, who explained the tests administered and provided

specific examples of Defendant's results. He further explained his basis for disagreeing with the state evaluator's opinion that Defendant's depression and memory impairment rendered him incompetent: the evaluator administered no objective tests on which to base the opinion, but relied solely on self-reporting by Defendant.

On cross-examination, defense counsel established that Dr. Luis was not aware of the medications that Defendant had been prescribed by his own colleagues in FDC or for what symptoms Defendant was taking those medications. Dr. Luis further acknowledged that it is possible that the reason that he saw no symptoms of depression in his interviews with Defendant is that the prescribed medicines are managing those symptoms. Notwithstanding, Dr. Luis's opinion remained that Defendant is competent, and that he had exaggerated his mental condition to underperform on the testing.

Defendant was given an opportunity to testify, but waived his right to do so. Before finding his waiver was knowing and voluntary, the Court engaged Defendant directly and asked if he understood that he had a right to testify, and that it was his choice whether to testify or not. Defendant was able to respond to the Court's questions, indicated that he understood the right, and that it was his choice not to testify.

In light of the evidence presented at the hearing, and upon examination of the record as a whole, the Court finds by a preponderance of the evidence that Defendant is competent to stand trial. There is no competent evidence to rebut Dr. Luis's cross-examined testimony and ultimate opinion that Defendant suffers from no present mental disease or defect rendering him incapable of understanding the nature and consequences of the proceedings against him, or from assisting properly in his defense.

## III.    CONCLUSION

For the foregoing reasons, and for those stated at the competency hearing, which are incorporated herein, the Court finds by a preponderance of the evidence that Defendant is not presently suffering from a mental disease or defect that renders him mentally incompetent. Accordingly, the undersigned recommends that the Court find Defendant Keetron Batten competent to stand trial.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and ORDERED** in chambers, at Miami, Florida, on July 30, 2018.

_____
Lauren F. Louis
United States Magistrate Judge